UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JAVIER GOMEZ, by and through RHONDA WHITLOW GOMEZ, an individual and Wife of Decedent, BERTIN GOMEZ, an individual and Father of Decedent, GERTRUDIS GOMEZ, an individual and Mother of Decedent,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity, KAI BOWMAN, an individual, and DOES 1 through 10, inclusive,<br>    Defendants. | Case No.: 3:18-cv-00868-GPC-NLS<br><br>**ORDER REMANDING CASE**<br><br>**[DKT. NO. 7]** |

On April 2, 2018, Plaintiffs filed this suit in California Superior Court against the County of San Diego, Officer Kai Bowman, and ten unnamed defendants. (Dkt. No. 1-2.) The complaint alleges that Officer Bowman shot and killed Javier Gomez. (*Id.* at 2–3.[1]) Before filing this suit Plaintiffs "filed a claim with the County of San Diego for 42 U.S.C. § 1983 Civil Rights Violations; 42 U.S.C. § 1983 Unlawful Polices, Customs or Habits; Wrongful Death, Negligence; Battery and Civil Code § 52.1 Civil Rights

---

[1] Citations to specific pages in the parties' filings refer to pagination provided by the CM/ECF system.

1

Violations," which the County denied on March 1, 2018. (*Id.* at 3.) The complaint in this suit asserts four causes of action: (1) violation of Plaintiff's civil rights in violation of California Civil Code § 52.1, (2) wrongful death, (3) "assault/battery," and (4) negligence. (*Id.* at 5–7.) In support of the first cause of action—violation of California Civil Code §52.1—the complaint alleges that Bowman's "acts of excessive force constituted violation of Mr. Gomez's rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, particularly the Fourth Amendment thereto." (*Id.* at 5.)

Defendants removed the case to this Court. (Dkt. No. 1.) Soon after, the Court issued an order expressing skepticism that it possessed subject-matter jurisdiction over this case and ordering Defendants to show cause why the Court should not remand this case to state court. (Dkt. No. 4.) Both parties responded to the order. (Dkt. Nos. 5, 6.)

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant argues that the Court possesses "federal question" jurisdiction over this case. (Dkt. No. 6 at 1.) The Court's federal question jurisdiction is guided by the "well pleaded complaint rule," which states that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* As noted, the complaint in this case asserts only state law claims. A "corollary" to the well-pleaded complaint rule, however, is the "artful pleading doctrine,"

which prevents a plaintiff from "avoid[ing] federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (quoting *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389 (9th Cir. 1989)). "[C]ourts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases." *Id.* (citations omitted). With respect to the former, there has been no contention that federal law completely preempts any of the four claims in this suit. As for the latter, a "substantial federal question" exists "when: (1) a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim, or the claim is an inherently federal claim articulated in state-law terms; or (2) the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1042 (citations and internal quotation marks omitted). Neither of those conditions exists here. As explained in more detail below, federal law need not be considered for Plaintiffs to prevail on their claims. And it is clear that Plaintiffs' right to relief in this case does not depend on federal law.

Defendants argue that Plaintiffs' complaint presents a substantial federal question because (1) the first cause of action invokes the Fourth Amendment to the Federal Constitution, and (2) Plaintiffs' original claim with the County of San Diego included a claim under 42 U.S.C. § 1983. The Court disagrees on both grounds. As to the first argument, while the complaint does identify the Fourth Amendment as a basis for Defendants' liability under § 52.1, it also asserts that Defendants are liable under § 52.1 because they violated Gomez's rights under Article I, Section 13 of the California Constitution. (Dkt. No. 1-2 at 5.) "The invocation of [federal] law as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Ctierion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996). Here, Plaintiffs have identified, as an independent basis for

liability under the first cause of action, "a state constitutional provision . . . that can and does serve the same purpose." *Id.* Indeed, Article I, Section 13 of the California Constitution, is "virtually identical" to the Federal Constitution's Fourth Amendment, and its protections "parallel" the Fourth Amendment. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 n.7 (9th Cir. 2015) (citing *Sanchez v. Cty. of San Diego*, 464 F.3d 916, 928–29 (9th Cir. 2006)). Because the California Constitution provides an independent basis for Defendants' liability as to the first cause of action, that claim does not present a substantial federal question.[2]

As to Defendants' second argument, the fact that Plaintiffs raised a federal claim under 42 U.S.C. § 1983 in an administrative dispute with the County of San Diego does not confer this Court with subject-matter jurisdiction. Plaintiffs have chosen to remove that claim from this suit. What remains are four state law causes of action, none of which are preempted by federal law or present a substantial federal question.

In sum, Defendants have failed to demonstrate that this Court possesses subject-matter jurisdiction over this case. The Court **REMANDS** the case to state court.

**IT IS SO ORDERED.**

Dated: June 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Nor is there any reason to believe that any interpretation of federal law would be involved in adjudicating the complaint's other causes of action of wrongful death, "assault/battery," or negligence.

4

3:18-cv-00868-GPC-NLS